# United States Bankruptcy Court
## Middle District of Alabama

IN RE: Murray Joe Jones and  
       Teresa Ann Jones

         Debtor(s)

CASE NO. 24-10362

Date    5/10/2024

**CHAPTER 13 PLAN**

[✓] **Check If Amended Plan**

[Second] Amended Plan

[ ] Check if Proposed Modification to Plan After Confirmation

## 1. NOTICES

**To Debtors:**

This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama and applicable judicial rulings may not be confirmable.

**To Creditors:**

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

**TO FILE AN OBJECTION TO CONFIRMATION.** If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an Objection to Confirmation at least seven (7) days prior to the date fixed for the hearing on confirmation and must state with particularity the grounds for the objection. See Fed. R. Bankr. P. 3015.

**PROOFS OF CLAIM.** Creditors **must** file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the Debtor(s), Trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim but does control how the claim will be paid under the plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this plan.

| | | |
|---|---|---|
| 1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | [ ] Included [✓] Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | [✓] Not Included |
| 1.3 | Nonstandard provisions, set out in paragraph 16. | [ ] Included [✓] Not Included |

## 2. PAYMENT AND LENGTH OF PLAN

Debtor(s) will make regular payments to the Chapter 13 Trustee as follows:

☒ $2,900.00   Monthly   for   54 months beginning 5/31/2024

The length of the plan is   54   months. Other payment provisions:

## 3. FILING FEES

**The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:**

☑ Filing fee paid in full directly to the clerk of court with the petition.

☐ Filing fee is being paid in installments pursuant to M.D. Ala., LBR 1006-1 through this plan as follows:
   Total filing fee:
   Initial installment paid with filing of petition:
   Remaining balance to be paid through the chapter 13 plan:

## 4. ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL

**The following attorney's fees shall be paid through the debtor's plan payments:**

| | |
|---|---|
| Total attorney fee: | $4,500.00 |
| Amount paid by the debtor directly to attorney prior to filing: | |
| Net attorney fee being paid through the chapter 13 plan disbursements: | $4,500.00 |

## 5. SECURED CLAIMS

### 5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL

☑ None.

### 5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED

☐ None.

The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year (365 days) of the petition date and secured by a purchase money security interest in some other thing of value. These claims will be paid in full under the plan with interest at the rate stated below, will not be affected by 11 U.S.C. § 506, and, unless otherwise ordered by the Court, will be paid in full pursuant to 11 U.S.C. §1325(a)(5). Unless otherwise ordered by the Court, the claim amount stated on the creditor's proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amounts listed below.

The Debtor(s) propose(s) to pay adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors holding a purchase money security interest in personal property through the payments made to the Trustee pursuant to the plan. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below concurrently with the payment of attorney's fees. After the attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5).

The holder of any claim listed below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) Payment of the underlying debt determined under nonbankruptcy law, or
   (b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| All In Credit Union | 2016 Ram 2500 P/U Truck | $28,507.00 | $21,100.00 | 4.00 % | Yes | $285.00 | $700.00 |
| Bridgecrest Acceptance | 2009 Honda CRV | $14,104.00 | $9,200.00 | 9.50 % | Yes | $141.00 | $400.00 |
| Freedom Road Financial | 2019 KTM 125 sx | $1,852.00 | $4,000.00 | 4.00 % | Yes | $20.00 | $70.00 |
| Deere & Company | 2025 E Compact Tractor | $19,237.68 | $21,500.00 | 4.00 % | Yes | $192.00 | $600.00 |
| Sheffield Financial | 2023 CF Moto Cforce | $6,301.00 | $6,000.00 | 4.00 % | Yes | $65.00 | $200.00 |
| Synchrony/Kawasaki | 2018 Kawasaki KL R 650 A | $2,418.00 | $5,795.00 | 4.00 % | Yes | $25.00 | $100.00 |

## 6. Direct Payment

☐ None. If none is checked, the remainder of Section 6 does not need to be completed.

The following secured creditors or holders of long-term debts will be paid directly by the Debtor(s) or Co-Debtor to the creditor. The Debtor(s) (or Co-Debtor) shall make all pre-confirmation adequate protection payments under 11 U.S.C. § 1326 directly to the following creditors pursuant to the terms of the contract with the creditor. The Debtor(s) (or Co-Debtor) shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of this plan.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
| Wells Fargo Dealer Services | 2020 Dodge Challenger | $14,104.00 | $23,000.00 | 04/01/2024 | $721.00 |

## 7. LONG TERM DEBTS MAINTAINED THROUGH PLAN

☑ None. If none is checked, the remainder of Section 7 does not need to be completed.

## 8. CURING DEFAULTS ON LONG-TERM DEBTS

☑ None. If none is checked, the remainder of Section 8 does not need to be completed.

## 9. SURRENDERED PROPERTY

☐ None. If none is checked, the remainder of Section 9 does not need to be completed.

Debtor(s) elect(s) to surrender the following collateral. Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated as to the property to be surrendered and *in personam* as to any codebtor(s) with respect to these creditors. Any claim filed as a secured claim by the creditor will receive no distribution under this plan until an amended unsecured proof of claim is filed by such creditor reflecting any deficiency balance remaining following surrender, if appropriate. Any allowed deficiency claim will be treated as an unsecured claim under Section 15 of the plan below.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| Pen Air FCU | 2020 Chrysler 300 S | $40,260.00 | $21,600.00 |

ALMB 6v2 (4/5/2024)

10. **DOMESTIC SUPPORT OBLIGATIONS**

    [✓] None. If none is checked, the remainder of Section 10 does not need to be completed.

11. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**

    [✓] None. If none is checked, the remainder of Section 11 does not need to be completed.

12. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    [✓] None. If none is checked, the remainder of Section 12 does not need to be completed.

13. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**

    [✓] None. If none is checked, the remainder of Section 13 does not need to be completed.

14. **UNSECURED CLAIMS**

    Allowed non-priority unsecured claims and the unsecured portion of claims allowed and described under Section 5 of this plan that are not separately and specially classified will be paid as follows:

    [✓] Percentage Plan: Allowed non-priority unsecured claims shall be paid through the distribution of plan payments at a rate of 100.00 %.

    If the proposed dividend to unsecured creditors is less than 100%, the Debtor(s) propose(s) to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. §1325(b).

15. **PROPERTY OF THE ESTATE - VESTING**

    Vesting of Property of the Estate:

    [✓] Property of the estate shall revest in the Debtor(s) upon confirmation of this plan.

    All property of the estate, whether it remains in the estate or revests with the Debtor(s) upon confirmation, shall remain in the possession and control of the Debtor(s). The Debtor(s) shall have use of property, subject to the requirements of 11 U.S.C. § 363.

16. **NONSTANDARD PROVISIONS**

    [✓] None.

ALMB 6v2 (4/5/2024)

**17. SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**

If the Debtor(s) do/does not have an attorney, the Debtor(s) must sign below; otherwise, the signature(s) of the Debtor(s) is/are optional. The attorney for the Debtor(s), if any, must sign below.

| Signature of Debtor | Signature of Joint Debtor |
|---|---|
| Executed on | Executed on |

| /s/ Benton H. Persons | Executed on 05/10/2024 |
|---|---|
| Signature of Attorney for Debtor(s) | |

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this day mailed a true and exact copy of the foregoing Second Amended Chapter 13 Plan to the Parties listed below by electronically mailing or by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on May 10, 2024.

                                        /s/ Benton H. Persons
                                        Benton H. Persons
                                        ASB Id #8496E61B
                                        Attorney for Debtor
                                        Post Office Box 974
                                        Andalusia, AL 36420
                                        (334) 222-3108
                                        bhpatty@centurytel.net

Honorable Sabrina L. McKinney
United States Bankruptcy Trustee
Post Office Box 173
Montgomery, Alabama 36101

Bridgecrest Acceptance Corp
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209-3324

Deere & Company
P O Box 6600
Johnston, IA 50131